Row fell in with from Tucson for mr. Mattia your honor this is a this is a case where there's plenty of error and mistake to go around the two lawyers in the case judge failed to catch the problem with the official detention adjustment until nine and a half months after miss mr. Mattia had served the clear from the transcript of the disposition hearing the intent of everyone the judge defense mr. Mattia and the government was that mr. Mattia would go to Butner and receive treatment unfortunately that never happened and it became an impossibility nine and a half months later even though the court sentenced him then again to an additional 22 months of official detention adjustment so the expectation of the parties and the expectation of mr. Mattia was never realized why the Bureau of Prisons didn't let anybody know that they weren't going to send him in Butner or couldn't send him to Butner or whatever the problem was and simply let him serve nine and a half months and and knock him out the door none of us will ever know the problem here is that this really isn't a clerical error it is a judicial error in the end yes your honor I was just having trouble tracking the way you characterized what happened you said he sentenced him to it sounded to me like a different sentence it seemed to me this case was all about a clerical error and making sure that the sentence that was imposed was the one that was carried out now you say it wasn't a clerical error it was a judicial error well referring the court to page six of the of the disposition hearing transcript starting at the bottom of the page line 25 it seems to me that what happened is when the court said the court sentence is a 24 month sentence commencing from today's date a sentence of incarceration of 24 months commencing on today's date that that's what the clerk picked up that but that's not everything that was said though the clerk picked up the wrong message according to the judge what if the clerk had said we're sentencing you to life written in the judgment we're sentencing you to life in prison without possibility of parole well what that would that stand over what the judge actually pronounced orally no it wouldn't but what the judge pronounced orally was a 24 month sentence well are you reading you're not you're reading very selectively there was other things said in there wasn't weren't there there was indeed your honor there was there was discussion right from the beginning of the hearing about the problem with the official detention adjustment but I think the question here is whether nine and a half months later a judicial error in the pronouncement of sentence can be treated as a clerical error what was the end of what was your characterizing this is a judicial error and I just I can't figure out why that's not what the judge tells us it was you said you said at page five I'd request that the court phrase the sentence in such a way that it makes clear that is the intent of the court that he received the 24 month sentence and that the rest of it is adjustments anticipating credit and you don't think that the statement that he made just before the one you read where he said based on the fact defendant admitted the allegations it is ordered that his probation be revoked is further ordered that he be sentenced to 24 months of custody plus 651 days of official detention adjustment that's tracks what you were asking him to clarify and that was in response to the soliloquy that the judge engaged engaged in at the beginning of the hearing expressing concern that in past sentence a past sentencing that he had experienced that there had been a problem between the Bureau of Prisons calculating what the time credit was and what the intention of the court was with regard to the credit miss Hanson the prosecutor also expressed concerns but well how does your intent was that we fine but that's not helping me understand what you understood 24 months of custody plus 651 days of official detention credit to mean so that he would receive the minimum sentence to allow him to go to butler right 24 lineup retreat he needed two years he needed two years to go to butler and the intent of everyone was that he get the minimum sentence possible for him to is that none of that happened well he didn't get I understand he didn't get the treatment but that wasn't something that the court could order that was at the discretion was it not of the Bureau of Prisons whether he got that well I think that I think that the judgment said that he should go to butler he should but I mean it doesn't can the court direct that he actually be put there no sir that was my point so what the judge was trying to do is set a that's correct that was the intent of everyone including mr. Mattia so is it your argument that he got two years and that was it and that because of the credits he doesn't have to serve a full two years my argument is that because of the way that this sentence apparently was was pronounced in it I think the what he and the government thought was going to happen didn't get what he didn't get into the treatment he didn't get into the but the question is okay but I just want to understand what you in terms of time served the time served was structured so he would get that result I understand that and I know there's a consideration that you're raising here about whether he got the treatment that he thought he was going to get but in terms of the sentence that imposed which was structured to make that treatment option available what did you understand the amount of prison time your client was being sentenced to 24 months okay and did he serve 24 months he served nine and a half months what that represented in terms of a sentence with time credits I'm not sure but clearly it wasn't 24 months the problem here though is that there was a of three to nine months specifically to give him the treatment at Butner which everyone including mr. Mattia believed that he that he needed and how the fact that then you explain how it works I don't understand I've read the remarks of the district court saying I agree with that and I can't I get the impression as you confirmed he couldn't order him directly into that that's the prison's determination how does what was the next step that should have been taken once the sentence was imposed just administratively to make sure that he did get considered and put into that program I'm not sure that there was a step that the court or counsel could have taken had I known and I didn't because mr. Mattia didn't tell me that he had not been sent to Butner I'm sure that I would have tried to do something that is my error I guess as much as anybody's I probably should have checked and made sure he didn't I didn't mr. Mattia didn't think to let me know the problem is that nine and a half months later it was all defeated anyway and the whole purpose of the upward departure was destroyed there at that point there was never going to be enough time to send him to Butner and it just seems like like on jurisdictional grounds to go back and try to adjust something and leave out part of the consideration which was to go to Butner and then focus and say well this is just the sentence that was imposed it's just a clerical error and therefore you just have to serve the rest of the time kind of defeats the whole purpose of what was trying to be accomplished at the front end did he serve the sentence that the judge imposed at the time he was released did he ever serve the sentence that the judge imposed he's serving it right now the court well you are an error in one respect mr. Ellingwood in your statement that mr. Mattia has served the sentence that the court imposed on him he's not served that sentence that sentence was never properly recorded in the written judgment that was issued by the court it excluded the 651 days of official detention adjustment that the court imposed so he served 24 months but there were almost 22 other months he was supposed to serve that he never served because of an error at clerical error in the judgment then he explains how it happened another judge signed it the prosecutors never reviewed it but it seems that this is a classic case under Allen for correcting the sentence I mean the sentence that that is applicable is the sentence pronounced by the judge and here we have the judge saying it didn't get written down right and my position is it didn't get route written down right because of the way it was May I reserve the last 30 seconds. Surely. We'll hear from you, Your Honor. Hey please the court my name is Bruce Furry I'm an assistant United States attorney on behalf of the government I would submit to you that in fact this is simply a classical case of mistakes for which rule 36 was designed that there were some errors clerical errors as a judge specifically found which confuse things but that the oral pronouncement of sentence as Judge Trott has pointed out from the record is very clear. Did the this defendant suffer any disabilities or serve any kind of time in excess of what he would have otherwise served or was he deprived of something that he might have otherwise gotten had this been done right in the first place? It's never been argued that he has and I'm not aware of any. I think that part of the problem here is that it was just argued that yes he was deprived of the right opportunity to go to the treatment program which was very first and for you know very upfront in the sentencing. The word that you used opportunity is critical here. Right but I mean if the the clerical error in effect caused the Bureau of Prisons not to view this as a sentence that qualified him for the... Well we don't know exactly why the Bureau of Prisons did not send him. But then you can't say that he was not prejudiced. He may have been. All that he bargained for was the potential to go. He was always understood that it was within the discretion. We understand that but if the sentence doesn't track it in a way that makes it that the Bureau of Prisons receives doesn't put him on the qualified list he never gets discretion exercise because it's not... That is the kind of factual argument which should have been presented below. Mr. Ellenwood in the final hearing indicated that it was unclear to him whether there was a necessity by Mr. Mattia to apply which he never did or whether the Bureau of Prisons simply said well in our case we have a good candidate so we're not taking you. So the record doesn't tell us one way or the other what the cause was. Exactly. All we have is the fact of the undisputed transcript of the original disposition hearing in which the judge very clearly says this is a recommendation this is on that very same page 6 where the judge says it's further ordered that he be sentenced to a period of 24 months of custody plus 651 days of detention adjustment to take care of all of the kind of pretrial time while they're negotiating the plea and is the further recommendation of the court that he be designated to serve his sentence at the sex offender facility in Butner. Should we send this back somehow to determine whether he suffered some prejudice as a result of this event? I mean it seems the government would want him in this program too. The only way at this point that that would be possible would be to add more time more time and that I think would put us in real double jeopardy questions whereas in this situation where we were in fact simply correcting the clerical error the the failure to include the 651 day annotation it was done exactly as rule 36 contemplated. Can I ask a procedural question in civil cases when a court enters judgment the parties are given the opportunity or certainly have the opportunity to look at the court's judgment to make sure it conforms to what they understood the court's ruling to be and if there's an objection you make the objection is there any in practice is there any comparable provision here? I mean those of you who were there in front and understood what the intent was looking at this judgment would have concluded that wait whoops that's not quite right. Well it was not my case I've picked it up on appeal but the judgment the disposition is distributed to the parties in this particular case Miss Hanson who was the prosecutor indicated that through some glitch within our office she did not get to review it as she typically does and it's also unusual in that typically the sentencing judge is the one who signs the judgment and commitment or in this case the disposition order apparently Judge Zapata was absent for some reason and Judge Jorgensen signed it in his behalf so there is another unusual situation where the the typical checks and balances didn't pick it up but there is no reason to believe that Mr. Ellenwood did not receive a copy of the judgment he's not alleged that I'm not know if he's going to say that or not so it's simply one of those as I say I think this is a classic case what rule 36 was designed to deal with yes errors happen people are fallible but none of the kinds of interests which are behind the double jeopardy clause are implicated in simple error correction there was no increase in the sentence it was the intention of the parties that there be eligibility which required a minimum of 24 additional months beyond the time that he'd already served and that's exactly what he got. Well would he have gotten that if the judge knew he wouldn't be eligible for Butner? No the entire purpose was to at least make him eligible but there was no promise that's why the judge phrased it actually amongst all the people in court there as a recommendation because he has no authority to direct the Bureau of Prisons to actually put someone into a particular that isn't quite a question if the judge knew that he wasn't going to get to Butner what would the sentence have been? if he knew that he was not going then I assume that it would in some place within the guidelines suggested. Now which would be? I think was the top was about nine months or so. Now in hindsight we know he didn't get to Butner and we know that he wouldn't have gotten a two-year sentence if the judge knew he couldn't get to Butner. Why doesn't the government do a little equity here? Well I think that the government has clean hands your honor. All that was bargained for was eligibility and that's what was given to him. It was a clerical error which made that impossible perhaps because and we don't know for sure his own failure to apply. What what happens when you're made eligible typically and what how do the mechanics work? I'm now eligible to go to Butner what do I have to do? Honestly your honor I can't tell you. I'm I do appeals and I've only been in the US Transit Office a little over a year so this the background of these particular procedures I'm afraid I can't inform you. I can attempt to find out and supplement with a brief. I hope that'll be helpful. Mr. Ellingwood might know. We'll ask him. You know what following up on Judge Fletcher's question if we go back to page 4 of the transcript you're correct that the court recognizes that it's BOP that has the discretion and then the court says if it doesn't happen once he gets there I assume that violates the intentions of everyone here in terms of what the sentence should be and he could be brought back for a resentencing based on that I think that is true but I'm not entirely sure either because we always lose jurisdiction over a case after very few days in terms of having to deal with the change of sentence. That suggests that the court had in mind making some adjustment and yet when the because of the glitch he doesn't get it he leaves him with the two the two years which is a bit troublesome. Well again the premise for that would be that there was something that Mr. Mattia had done whatever was necessary and honestly as I say I can't tell you what that is but it was suggested in the final hearing where this the rule 36 motion was granted that there was some kind of application that was incumbent upon him to make that he did not make and so because that particular factual issue is not something that was considered important or argued as a basis for denying that the rule 36 motion it simply was not developed as to whether or not it was in fact required of him to do something or this was simply the kind of ordinary discretionary decision which the Bureau of Prisons is entitled to make. On that same page four as you see there the court is saying that when they go to the Bureau of Prisons they recalculate and then they subtract the sentence of official detention and so throughout this the judge is recognizing and again it's specifically articulated in terms of him making a recommendation only that the man go to Butner which is all that he could do. Why is the the other thing that confused me was this terminology they use sort of like trying to guess what the Bureau of Prisons is going to calculate as time served to what extent do you think that has complicated this plus 60 651 days of official detention adjustment that was the judge was expressing some concern about how the BOP calculates that. Well this is a better way to frame a sentence than that terminology that would avoid problems? I don't believe so. I think that this was what should have been done because this official detention credit time as explained in the disposition report is actually relying on the specific language in the guidelines which is I don't want to mislead you as to the proper citation. But it specifically takes you to I think it's E1 which talks in terms of the fact that when there has been predisposition incarceration of official detention in this case that was true of Mr. Mattia because he'd been held initially by the resolved by a plea agreement that that the guidelines specifically require that that kind of statement be included so that on the one hand it is recognized that he has served this amount of time and that as the judge did here what he actually intends from a disposition two years from today as the judge said is what will actually be considered as a real sentence. Thank you counsel. To answer the court's questions I did get a copy of the judgment. I assume the judge got one and I assume the US attorney got one. So that is standard. Did you look at it? Did you see any discrepancy there? I went back and looked at my file. I did indeed look at it. I had checked it but for some reason I didn't pick up the problem. You know I just client. Tell me how do the mechanics work? You made him eligible to go to Butner for this treatment facility. You said I think that the proposal for him to go to Butner is the best thing in Mr. Mattia's case. So mechanically then how does that work? What does he have to do to apply and get accepted? As far as I know he he does nothing. I've had two prior clients sent to Butner and they both just gone. There was no application. There was no nothing that what we needed was the judge to make the recommendation that they go to Butner and then the Europrisons would act on that. I'm unaware. How would that recommendation have been communicated? It's in the it's in the sentence. Yeah but you didn't see it in the sentence right? It is in the sentence your honor. It's in the original sentence. Okay. What's not in the sentence is the is the official detention. So then you're under your understanding is he has to do nothing and you have to do nothing on his behalf. That's the Europrisons gets that and they react to what's in the he's really as is kind of typical unassertive about things and so is it fair to say is it fair to say then that regular practice would suggest that they did decided not to accept him? No. I mean if you don't have to do anything. I don't think that is. Why wasn't why wasn't he accepted? I think the more important thing is why wasn't he just transferred and that I don't know and the only thing I can think of is that the way that the sentence was calculated when he went into custody by the Bureau of Prisons was insufficient time. Well because of this. Did you try to develop that at all in the in the district court? Did you try to develop that and suggest that because of the way the sentence was written therefore he was found ineligible because he didn't have. No I didn't. Any reason why you didn't develop that? At the at the time it didn't seem important. In retrospect it clearly is but the bottom line is that he served nine and a half months which is more than he would have under the guidelines and we focused all on on the written sentence but the intent of the sentence was to send him to Butner and that's the problem. Thank you counsel. The case just Neri versus Lighty. I hope I'm not mispronouncing that. Your honor. Your honor. Bruce Lickety appearing before appellant. With the brief time that I have
judges: B. Fletcher,trott, Fisher